**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alejandro SOTO–SANTOS,**
**Defendant—Appellant.**

**No. 03–10253.**
**D.C. No. CR–02–00747–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2005.[*]

Decided March 22, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The government's renewed motion to dismiss the appeal for lack of jurisdiction is denied. The government's motion to strike a portion of Soto–Santos's excerpts of record is denied as moot.

AFFIRMED.

Bruce M. Ferg, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Serra Marie Tsethlikai, Assistant United States Attorney, Alfred Islas, Esq., Tucson, AZ, for Defendant–Appellant.

Before HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

## ORDER AND MEMORANDUM **

We affirm Alejandro Soto–Santos's conviction. Even assuming the government had a responsibility to obtain and provide the Pima County Sheriff Officer's report under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the failure to disclose the report does not amount to a *Brady* violation because Soto–Santos has failed to demonstrate prejudice. *See United States v. Si,* 343 F.3d 1116, 1122 (9th Cir.2003). The charges were independently supported by the statements made by Soto–Santos after his arrest, the depositions of the transported aliens, and the testimony of the assault victim. As such, the credibility of the border patrol agent "was not the linchpin of the prosecution's case." *Id.* at 1123.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.